UNITED STATES of America, Plaintiff–Appellee,

v.

Jorge Miguel ANGEL–CRUZ, also known as Jorge Miguel Angel Cruz–Benitez, Defendant–Appellant.

No. 06–40165
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 19, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Jorge Miguel Angel–Cruz (Angel) appeals the 37–month prison term imposed following his guilty-plea conviction of being illegally present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). Angel argues that his prior Florida offenses of aggravated battery and aggravated assault are not crimes

of violence and therefore the district court erred when it enhanced his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He also argues that the felony and aggravated felony provisions of § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions.

In *United States v. Dominguez*, 479 F.3d 345, 347–49 (5th Cir.2007), this court considered and rejected arguments similar to those presented by Angel regarding his aggravated battery conviction. As in *Dominguez*, 479 F.3d at 348–49, Angel's aggravated battery conviction is a crime of violence because it had as an element at least a threatened use of force. The district court therefore did not err when it increased Angel's offense level 16–levels pursuant to § 2L1.2(b)(1)(A)(ii). As the district court properly determined that Angel's aggravated battery conviction is a crime of violence, we need not consider whether Angel's aggravated assault conviction is a crime of violence.

Angel's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Angel contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005). Angel properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

The district court's judgment is AFFIRMED.